1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  300 South First Street Ste. 342
   San Jose, California 95113
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: service@moorelawfirm.com
              tanya@moorelawfirm.com
5
   Attorney for Plaintiff
6  Darren Gilbert

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10                      **(Fresno Division)**

11

12  DARREN GILBERT,                          ) No.
                                             )
13              Plaintiff,                   ) **COMPLAINT ASSERTING DENIAL OF**
                                             ) **RIGHT OF ACCESS UNDER THE**
14        vs.                                ) **AMERICANS WITH DISABILITIES ACT**
                                             ) **FOR INJUNCTIVE RELIEF, DAMAGES,**
15  MODESTO GROUP INC. dba McHENRY           ) **ATTORNEYS' FEES AND COSTS (ADA)**
    CIRCLE K; SHYAM CHOUDHARY;               )
16  NEETA CHOUDHARY;                         )
                                             )
17              Defendants.                  )
                                             )
18                                           )
                                             )
19  _____     )

20                           **I. SUMMARY**

21        1.     This is a civil rights action by plaintiff DARREN GILBERT ("Plaintiff") for

22  discrimination at the building, structure, facility, complex, property, land, development, and/or

23  surrounding business complex known as:

24              McHenry Circle K
                3459 McHenry Avenue
25              Modesto, California 95350
                (hereafter "the Facility")
26

27        2.     Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

28  costs,  against  MODESTO  GROUP  INC.  dba  McHENRY  CIRCLE  K,  SHYAM

*Gilbert v. Modesto Group Inc., et al.*
Complaint

1 CHOUDHARY, and NEETA CHOUDHARY (hereinafter collectively referred to as

2 "Defendants"), pursuant to Title III of the Americans with Disabilities Act of 1990 (42 U.S.C.

3 §§ 12101 et seq.) ("ADA") and related California statutes.

## II.      JURISDICTION

5      3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA

6 claims.

7      4.      Supplemental jurisdiction for claims brought under parallel California law –

8 arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

9      5.      Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.      VENUE

11      6.      All actions complained of herein take place within the jurisdiction of the United

12 States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.

13 § 1391(b), (c).

## IV.      PARTIES

15      7.      Defendants own, operate, and/or lease the Facility, and consist of a person (or

16 persons), firm, and/or corporation.

17      8.      Plaintiff is substantially limited in his ability to walk, and must use a

18 wheelchair, knee scooter, or prosthetic for mobility. Consequently, Plaintiff is "physically

19 disabled," as defined by all applicable California and United States laws, and a member of the

20 public whose rights are protected by these laws.

## V.      FACTS

22      9.      The Facility is open to the public, intended for non-residential use, and its

23 operation affects commerce. The Facility is therefore a public accommodation as defined by

24 applicable state and federal laws.

25      10.      Plaintiff lives approximately five miles from the Facility and visited the Facility

26 on or about September 16, 2021 to buy refreshments. During his visit to the Facility, Plaintiff

27 encountered the following barriers (both physical and intangible) that interfered with, if not

28 outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and

*Gilbert v. Modesto Group Inc., et al.*
Complaint

1   accommodations offered at the Facility.

2            a)      Plaintiff drove around the Facility's parking lot in search of a designated

3   accessible parking stall, but could not find one. He was forced to park in

4   a non-accessible standard parking stall that did not appear to be

5   connected to the Facility entrance via an accessible route, requiring

6   Plaintiff to cross the path of vehicular traffic and step over a raised curb

7   to reach the Facility entrance. This was difficult for Plaintiff to do using

8   his prosthetic leg.

9            b)      The aisles inside the Facility lacked sufficient clear width, and Plaintiff

10   would not have been able to maneuver easily inside the store had he

11   been using his wheelchair or knee scooter.

12       11.    The barriers identified in paragraph 10 herein are only those that Plaintiff is

13   presently aware of. Plaintiff is presently unaware of other barriers which may in fact exist at

14   the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once such

15   additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at

16   the Facility and relate to his disabilities removed to afford him full and equal access.

17       12.    Plaintiff was, and continues to be, deterred from visiting the Facility because

18   Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

19   accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

20   Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

21   once the barriers are removed.

22       13.    Defendants knew, or should have known, that these elements and areas of the

23   Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

24   the physically disabled. Moreover, Defendants have the financial resources to remove these

25   barriers from the Facility (without much difficulty or expense), and make the Facility

26   accessible to the physically disabled. To date, however, Defendants refuse to either remove

27   those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

28   //

*Gilbert v. Modesto Group Inc., et al.*
Complaint

14.     At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair access and to comply with the 1991 ADA Accessibility Guidelines and/or the 2010 ADA Standards for Accessible Design. Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards. Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

15.     Plaintiff further alleges that the (continued) presence of barriers at the Facility is so obvious as to establish Defendants' discriminatory intent. On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the Facility; decision not to remove barriers from the Facility; and allowance that Defendants' property continues to exist in its non-compliant state. Plaintiff further alleges, on information and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the Facility are not isolated or temporary interruptions in access due to maintenance or repairs.

## VI.     FIRST CLAIM

### Americans with Disabilities Act of 1990

### Denial of "Full and Equal" Enjoyment and Use

16.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

17.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.     Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

1

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

2      19.    The ADA specifically prohibits failing to remove architectural barriers, which

3  are structural in nature, in existing facilities where such removal is readily achievable. 42

4  U.S.C. § 12182(b)(2)(A)(iv).

5      20.    When an entity can demonstrate that removal of a barrier is not readily

6  achievable, a failure to make goods, services, facilities, or accommodations available through

7  alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id</u>.

8  § 12182(b)(2)(A)(v).

9      21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

10 barriers at the Facility without much difficulty or expense, that the cost of removing the

11 architectural barriers does not exceed the benefits under the particular circumstances, and that

12 Defendants violated the ADA by failing to remove those barriers, when it was readily

13 achievable to do so.

14     22.    In the alternative, if it was not "readily achievable" for Defendants to remove

15 the Facility's barriers, then Defendants violated the ADA by failing to make the required

16 services available through alternative methods, which are readily achievable.

17

<u>Failure to Design and Construct an Accessible Facility</u>

18     23.    Plaintiff alleges on information and belief that the Facility was designed and

19 constructed (or both) after January 26, 1993 – independently triggering access requirements

20 under Title III of the ADA.

21     24.    The ADA also prohibits designing and constructing facilities for first occupancy

22 after January 26, 1993, that aren't readily accessible to, and usable by, individuals with

23 disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

24     25.    Here, Defendants violated the ADA by designing and constructing (or both) the

25 Facility in a manner that was not readily accessible to the physically disabled public –

26 including Plaintiff – when it was structurally practical to do so.[1]

27

28 [1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a
   private attorney general under either state or federal statutes.


*Gilbert v. Modesto Group Inc., et al.*
Complaint

1

Failure to Make an Altered Facility Accessible

2    26.    Plaintiff alleges on information and belief that the Facility was modified after

3  January 26, 1993, independently triggering access requirements under the ADA.

4    27.    The ADA also requires that facilities altered in a manner that affects (or could

5  affect) its usability must be made readily accessible to individuals with disabilities to the

6  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's

7  primary function also requires making the paths of travel, bathrooms, telephones, and drinking

8  fountains serving that area accessible to the maximum extent feasible. Id.

9    28.    Here, Defendants altered the Facility in a manner that violated the ADA and

10  was not readily accessible to the physically disabled public – including Plaintiff – to the

11  maximum extent feasible.

12

Failure to Modify Existing Policies and Procedures

13    29.    The ADA also requires reasonable modifications in policies, practices, or

14  procedures, when necessary to afford such goods, services, facilities, or accommodations to

15  individuals with disabilities, unless the entity can demonstrate that making such modifications

16  would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

17    30.    Here, Defendants violated the ADA by failing to make reasonable modifications

18  in policies, practices, or procedures at the Facility, when these modifications were necessary to

19  afford (and would not fundamentally alter the nature of) these goods, services, facilities, or

20  accommodations.

21

Failure to Maintain Accessible Features

22    31.    Defendants additionally violated the ADA by failing to maintain in operable

23  working condition those features of the Facility that are required to be readily accessible to and

24  usable by persons with disabilities.

25    32.    Such failure by Defendants to maintain the Facility in an accessible condition

26  was not an isolated or temporary interruption in service or access due to maintenance or

27  repairs.

28  //

*Gilbert v. Modesto Group Inc., et al.*
Complaint

1  33.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney

2  fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

3  ### VII.    SECOND CLAIM

4  ### Unruh Act

5  34.    Plaintiff re-pleads and incorporates by reference the allegations contained in

6  each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

7  35.    California Civil Code § 51 states, in part, that: All persons within the

8  jurisdiction of this state are entitled to the full and equal accommodations, advantages,

9  facilities, privileges, or services in all business establishments of every kind whatsoever.

10  36.    California Civil Code § 51.5 also states, in part that: No business establishment

11  of any kind whatsoever shall discriminate against any person in this state because of the

12  disability of the person.

13  37.    California Civil Code § 51(f) specifically incorporates (by reference) an

14  individual's rights under the ADA into the Unruh Act.

15  38.    Defendants' aforementioned acts and omissions denied the physically disabled

16  public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges

17  and services in a business establishment (because of their physical disability).

18  39.    These acts and omissions (including the ones that violate the ADA) denied,

19  aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

20  40.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

21  minimum damages of $4,000 for each offense.

22  41.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

23  ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

24  § 52(a).

25  ### VIII. THIRD CLAIM

26  ### Denial of Full and Equal Access to Public Facilities

27  42.    Plaintiff re-pleads and incorporates by reference the allegations contained in

28  each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

1    43.    Health and Safety Code § 19955(a) states, in part, that: California public

2 accommodations or facilities (built with private funds) shall adhere to the provisions of

3 Government Code § 4450.

4    44.    Health and Safety Code § 19959 states, in part, that: Every existing (non-

5 exempt) public accommodation constructed prior to July 1, 1970, which is altered or

6 structurally repaired, is required to comply with this chapter.

7    45.    Plaintiff alleges the Facility is a public accommodation constructed, altered, or

8 repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code

9 § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

10    46.    Defendants' non-compliance with these requirements at the Facility aggrieved

11 (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

12 Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

13                          **IX.    PRAYER FOR RELIEF**

14    WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

15    1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

16    2.    Statutory minimum damages under section 52(a) of the California Civil Code

17        according to proof.

18    3.    Attorneys' fees, litigation expenses, and costs of suit.[2]

19    4.    Interest at the legal rate from the date of the filing of this action.

20    5.    For such other and further relief as the Court deems proper.

21

Dated: 11/19/2021                          MOORE LAW FIRM, P.C.

22

23                                          */s/ Tanya E. Moore*

24                                          Tanya E. Moore
                                            Attorney for Plaintiff
25                                          Darren Gilbert

26

27

28

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Gilbert v. Modesto Group Inc., et al.*
Complaint

1

**VERIFICATION**

2

3

     I, DARREN GILBERT, am the plaintiff in the above-entitled action. I have read the

4

foregoing Complaint and know the contents thereof. The same is true of my own knowledge,

5

except as to those matters which are therein alleged on information and belief, and as to those

6

matters, I believe them to be true.

7

     I verify under penalty of perjury that the foregoing is true and correct.

8

9

10

Dated:   11/19/2021                          _____*/s/ Darren Gilbert*_____

11

                                                     Darren Gilbert

12

13

     I attest that the original signature of the person whose electronic signature is shown

14

above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

15

                                       _____*/s/ Tanya E. Moore*_____

16

                                       Tanya E. Moore
Attorney for Plaintiff,

17

                                       DARREN GILBERT

18

19

20

21

22

23

24

25

26

27

28

*Gilbert v. Modesto Group Inc., et al.*
Complaint