UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>Plaintiff,<br><br>v.<br><br>MODESTO GROUP INC. dba McHENRY CIRCLE K; SHYAM CHOUDHARY; NEETA CHOUDHARY,<br><br>Defendants. | Case No. 1:21-cv-01683-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

On February 15, 2022, Plaintiff Darren Gilbert ("Plaintiff") filed motion for default judgment against Defendants Modesto Group Inc. dba McHenry Circle K, Shyam Choudhary and Neeta Choudhary (collectively "Defendants"). (Doc. 10.) No opposition was filed. The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and vacated the hearing set for March 25, 2022. (Doc. 13.)

Having considered the moving papers and the record in this action, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED in part as herein detailed.

1

## I. FACTUAL BACKGROUND

On November 19, 2021, Plaintiff filed this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*, California's Unruh Civil Rights Act, California Civil Code § 51, and California Health and Safety Code, alleging violations at the McHenry Circle K, located at 3459 McHenry Avenue, Modesto, California 95350 (the "Facility"), which is owned, operated and/or leased by Defendants. (Doc. 1, Compl.)

Plaintiff alleges that he is substantially limited in his ability to walk, must use a wheelchair, knee scooter, or prosthetic for mobility, and is physically disabled under state and federal law. (*Id.* at ¶ 8.) Plaintiff asserts that the Facility at issue presents barriers that interfered with, if not outright denied, his ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. (*Id.* at ¶10.) Plaintiff's complaint seeks damages, attorneys' fees and costs, and injunctive relief. (*Id.* at 8.)

Plaintiff served Defendant Modesto Group Inc. with the summons and complaint on December 7, 2021, through personal service on its registered agent Shyam Choudhary. (Doc. 5.) Plaintiff personally served Defendant Shyam Choudhary on December 7, 2021, and Defendant Neeta Choudhary on December 9, 2021. (Docs. 4, 6.) Defendants did not respond to the complaint, and the Clerk of the Court entered their default on January 4, 2022. (Doc. 8.) Plaintiff filed the instant motion against Defendants on February 15, 2022, seeking default judgment in the total sum of $7,037.68 for statutory damages and attorneys' fees and costs, along with injunctive relief. (Doc. 10.) Plaintiff served Defendants with a copy of the motion by mail. (Doc. 10-7.)

## II. LEGAL STANDARD FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the action. Fed. R. Civ. P. 55(b)(2). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

2

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002).

**III.    DISCUSSION**

**A.  Service of Process**

In deciding whether to grant or deny a default judgment, a court should assess the adequacy of the service of process on the party against whom default is requested.  *See, e.g., Trujillo v. Harsarb, Inc.*, No. 1:21-cv-00342-NONE-SAB, 2021 WL 3783388 at *4 (E.D. Cal. Aug. 26, 2021) ("As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment."); *Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436 at *2 (N.D. Cal. Apr. 19, 2011); *Katzakian v. Check Resolution Service, Inc.*, No. 1:10-cv-00716 AWI GSA, 2010 WL 5200912 at *2 (E.D. Cal. Dec. 15, 2010).

<u>Individual Defendants Shyam Choudhary and Neeta Choudhary</u>

Federal Rule of Civil Procedure 4 sets forth the requirements for serving an individual within a judicial district of the United States.  An individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

3

1  Fed. R. Civ. P. 4(e).

2  According to the proofs of service on file, Defendants Shyam Choudhary and Neeta Choudhary were personally served with the summons and complaint.  (Docs. 4, 6.)  The Court therefore finds that Plaintiff properly served Defendants Shyam Choudhary and Neeta Choudhary pursuant to Federal Rule of Civil Procedure 4(e)(1).

Entity Defendant Modesto Group, Inc.

Rule 4 also sets forth the requirements for serving a corporation, partnership, or association within a judicial district of the United States.  Pursuant to Rule 4(h), a domestic corporation, or a partnership or other unincorporated association that is subject to suit under a common name, may be served by following state law for service of a summons on an individual or by delivering a copy of the summons and complaint to an officer or agent and by a mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1).  Under California law, a summons may be served by personal service "to the person designated as agent for service of process as provided by ... the Corporations Code." Cal. Code Civ. Proc. § 416.10(a).

According to the California Secretary of State, Modesto Group Inc. designated Shyam Kishor Choudhary, 518 Lanfair Circle, San Jose, CA 95136, as its registered agent for service of process.  (*See* Doc. 10-3, Ex. G to Declaration of Tanya E. Moore ("Moore Decl.").)  On December 7, 2021, a copy of the summons, complaint and related case documents were served on Modesto Group Inc. by personally serving its registered agent, Shyam Kishor Choudhary, at 518 Lanfair Circle, San Jose, CA 95136.  (Doc. 5.)  The Court therefore finds that Plaintiff properly served Defendant Modesto Group Inc. pursuant to Rule 4(h).  *See Fudy Printing Co. v. Aliphcom, Inc.,* No. 17-CV-03863-JSC, 2019 WL 2180221, at *2 (N.D. Cal. Mar. 7, 2019), report and recommendation adopted, No. 17-CV-03863-VC, 2019 WL 2180213 (N.D. Cal. Apr. 3, 2019) (finding preliminary requirement of service of process satisfied where plaintiff served summons and complaint on incorporated entity by personally serving its registered agent for service of process).

///

///

4

**B. The *Eitel* Factors Weigh in Favor of Default Judgment**

1. Possibility of Prejudice to Plaintiff

The first factor considers whether a plaintiff would suffer prejudice if default judgment is not entered. *See PepsiCo, Inc.,* 238 F.Supp.2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover against that defendant. *Id.; Moroccanoil, Inc. v. Allstate Beauty Prods.,* 847 F.Supp.2d 1197, 1200-01 (C.D. Cal. 2012). Here, the Court finds Plaintiff would be prejudiced if default judgment were not granted. This factor weighs in favor of default judgment.

2. Merits of Plaintiff's Claims and Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, "require that [the] plaintiff[s] state a claim on which [they] may recover." *PepsiCo, Inc.,* 238 F. Supp. 2d at 1175. Notably a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh,* 503 F.3d 847, 854 (9th Cir. 2007).

In the motion for default judgment, Plaintiff appears to have abandoned his California Health and Safety Code claim. (*See generally* Doc. 10-1.) The Court therefore limits its discussion to Plaintiff's claims arising under the ADA and California Unruh Act.

a. ADA

"An ADA plaintiff suffers a legally cognizable injury under the ADA if he is 'discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities ... of any place of public accommodation.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 952 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)). As relevant here, discrimination is defined as "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). "To succeed on a ADA claim of

5

1  discrimination on account of one's disability due to an *architectural barrier*, the plaintiff must
2  also prove that: (1) the existing facility at the defendant's place of business presents an
3  architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily
4  achievable." *Parr v. L & L Drive-Inn Restaurant*, 96 F.Supp.2d 1065, 1085 (D. Hawai'i 2000)
5  (emphasis in original).

6      A private party is only entitled to injunctive relief under Title III of the ADA, however,
7  the ADA gives the court discretion to award attorney fees to the prevailing party. *Molski*, 481
8  F.3d at 730.

9      Plaintiff alleges that he is substantially limited in his ability to walk and must use a
10 wheelchair, knee scooter, or prosthetic for mobility and that he therefore is disabled as defined by
11 applicable law.  Plaintiff also alleges that the Facility is a public accommodation and open to the
12 public. (Compl. at ¶¶ 8, 9.)   Plaintiff further alleges that Defendants own, operate and/or lease
13 the Facility and the architectural barriers identified are easily removed without much difficulty or
14 expense.  (*Id.* at ¶¶ 7, 21.)

15     Specifically, Plaintiff contends that he lives approximately five miles from the Facility
16 and visited the Facility on September 16, 2021, to buy refreshments. (*Id.* at ¶ 10).  Plaintiff asserts
17 that on the date of his visit there were no designated accessible parking spaces available and he
18 was forced to park in a non-accessible standard parking stall that did not appear to be connected
19 to the Facility entrance via an accessible route.  He was required to cross the path of vehicular
20 traffic and to step over a raised curb to reach the Facility entrance, which was difficult for
21 Plaintiff to do using his prosthetic leg.  Additionally, the aisles inside the Facility lacked
22 sufficient clear width, and Plaintiff would not have been able to maneuver easily inside the store
23 had he been using his wheelchair or knee scooter.  (*Id.*)  Plaintiff asserts that he was denied full
24 and equal enjoyment and use of the goods, services, facilities, privileges and accommodations of
25 the Facility.  (*Id.* at ¶ 18.)

26     These allegations are taken as true due to Defendants' default, and Plaintiff has met his
27 burden of stating a *prima facie* claim for discrimination under Title III.  Plaintiff is thereby
28 entitled to injunctive relief for the violations of the ADA.

b. Unruh Act

Plaintiff also brings a state law claim for violation of the Unruh Act. A violation of the ADA also violates the Unruh Act. Cal. Civ. Code § 51(f). The Unruh Act provides for statutory damages of no less than $4,000 for each and every offense, as well as attorney's fees. Cal. Civ. Code § 52(a). A litigant need not prove any actual damages to recover statutory damages of $4,000. *Molski*, 481 F.3d at 731.

As Plaintiff's claims state a cause of action entitling him to relief under the ADA, Plaintiff's allegations also state a claim entitling him to relief under the Unruh Act.

For the reasons set forth above, the Court finds that the second and third *Eitel* factors weigh in favor of default judgment.

### 3. The Sum of Money at Stake in the Action

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F Supp.2d at 1176; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Here, Plaintiff seeks a single statutory minimum penalty assessment of $4,000.00 pursuant to the Unruh Act, along with actual attorneys' fees and costs incurred in the amount of $3,037.68. The amount of money at stake, totaling $7,037.68, is relatively small and it does not seem unreasonable in light of the allegations contained in the complaint. Accordingly, this factor does not weigh against entry of default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

Following the Clerk's entry of default, the Court may assume the truth of well-pled facts in the complaint and, thus, there is no likelihood that any genuine issue of material fact exists. Further, Defendants' failure to file an answer in this case or a response to the instant motion supports the conclusion that the possibility of a dispute as to material facts is minimal. *See, e.g., Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). This factor

7

therefore weighs in favor of default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers the possibility that Defendants' default resulted from excusable neglect. *PepsiCo, Inc.,* 238 F.Supp.2d at 1177. Courts have found that where a defendant was "properly served with the complaint, the notice of entry of default, as well as the paper in support of the [default judgment] motion," there is no evidence of excusable neglect. *Shanghai Automation Instrument Co. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001).

Upon review of the record, the Court finds that the default was not the result of excusable neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. As discussed above, Defendants were properly served with the complaint and the motion for default judgment, which included notification of the Clerk's entry of default. Despite service, Defendants have not appeared. Thus, the record suggests that Defendants have chosen not to participate in this action, and not that the default resulted from any excusable neglect. Accordingly, this factor weighs in favor of the entry of a default judgment.

### 6. The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.,* 238 F.Supp.2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.,* 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Although the Court is cognizant of the policy favoring decisions on the merits, that policy is unavailable here because Defendants have not responded. Accordingly, the Court finds that this factor does not weigh against entry of default judgment.

**C. Damages**

### 1. Injunctive Relief

Plaintiff seeks injunctive relief under the ADA for violations alleged in the complaint. In particular, Plaintiff seeks an injunction requiring removal of all architectural barriers to Plaintiff's access to the facility. 42 U.S.C. § 12188 provides that "injunctive relief shall include an order to

8

alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required" the ADA. 42 U.S.C. § 12188(a)(2). Pursuant to federal and state law, Plaintiff is entitled to the removal of those architectural barriers which he encountered on his visit to the facility that violated the ADA. Therefore, an injunction should issue requiring Defendants to provide accessible parking and proper clear width of the merchandise aisles for persons with disabilities.

### 2. Statutory Damages

Plaintiff seeks statutory damages in the amount of $4,000.00 as authorized by California law. The Unruh Act provides for minimum statutory damages of $4,000 for each violation. Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F.Supp.2d 1126, 1133 (C.D. Cal. 2005). Since a violation of the ADA establishes a violation of the Unruh Act, Plaintiff is entitled to statutory damages of $4,000.00.

### 3. Attorneys' Fees and Costs

Plaintiff also seeks an award of attorneys' fees and costs. Both the ADA and Unruh Act authorize the award of attorney's fees and costs for an action. *See* 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Attorney fee awards are calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on the matter with a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018). The district court has the discretion to make adjustments to the number of hours claimed or to the lodestar, but is required to provide a clear but concise reason for the fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

Here, Plaintiff's counsel seeks an award of $2,250.50 in attorney fees, plus $787.18 in litigation costs. (Doc. 10-1 at 9; Doc.10-3, Exs. A-D to Moore Decl.) Specifically, Plaintiff requests: (1) $1,710.00 for 5.7 hours of work expended by attorney Tanya E. Moore at an hourly rate of $300; (2) $402.50 for 3.5 hours of work expended by paralegal Whitney Law at an hourly rate of $115.00; and (3) $138.00 for 1.2 hours of work expended by paralegal Isaac Medrano at an hourly rate of $115.00. (Doc. 10-1 at 9.)

///

Hourly Rates

As indicated, Plaintiff requests an hourly rate of $300.00 for work by attorney Tanya Moore and $115.00 for work by paralegals Whitney Law and Isaac Medrano. (*Id*.) Courts in this district have found these rates reasonable for the services of attorney Moore and for the services of her paralegals. *See Trujillo v. Singh,* Case No. 1:16-cv-01640 LJO-EPG, 2017 WL 1831941, at *3 (E.D. Cal. May 8, 2017)*; accord e.g., Trujillo v. GH Food Mart, Inc*., No. 1:20-cv-00368-AWI-SKO, 2020 WL 4697139, at *7 (E.D. Cal. Aug. 13, 2020); *Trujillo v. La Valley Foods, Inc.*, No. 1:16-cv-01402-AWI-BAM, 2017 WL 2992453, at *5 (E.D. Cal. Jul. 14, 2017)*; Trujillo v. Lakhani*, No. 1:17-cv-00056-LJO-SAB, 2017 WL 1831942, at *7 (E.D. Cal. May 8, 2017). The Court therefore finds the requested hourly rates to be reasonable for Ms. Moore and her paralegals.

Attorney Time Expended by Ms. Moore

Plaintiff seeks recovery for 5.7 hours of work performed by Ms. Moore at $300.00 per hour. (Doc. 10-1 at 9.) When considering the billing entries and time records submitted by Plaintiff's counsel, the Court finds that the 5.7 hours billed by Ms. Moore is reasonable. The Court will recommend awarding Ms. Moore $1,710.00 for 5.7 hours of work to litigate this case.

Paralegal Time Expended by Ms. Law and Mr. Medrano

Plaintiff seeks compensation for 3.5 hours expended by paralegal Whitney Law at $115.00 per hour, and 1.2 hours expended by paralegal Isaac Medrano at $115.00 per hour. (Doc. 10-1 at 9.) For the reasons below, the Court must reduce the number of hours expended by Ms. Law on the Motion for Default Judgment. On February 15, 2022, Ms. Law billed 2.1 hours preparing the motion for default judgment and the supporting documents. (Doc. 10-3, Ex. A to Moore Decl. at 3.) However, the motion for default judgment filed in this case is nearly identical to motions for default judgment filed by Ms. Moore in other actions before this Court. Accordingly, the Court finds that one hour of Whitney Law's time is sufficient to prepare the motion. *Trujillo v. La Valley Foods, Inc.*, 2017 WL 2992453 at *7. The Court will therefore deduct 1.1 hours from Ms. Law's time.

///

10

1     Further, a review of the billing records of Mr. Medrano reveals that several of the tasks he provided in this action were clerical in nature. In billing for legal services, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). Specifically, Mr. Medrano billed .10 on January 4, 2022, to update the address for service for Shyam Choudhary via CCDA portal and similarly billed .10 on January 7, 2022, to review the poof of service for Neeta Choudhary and update CCDA address for service on portal. (Doc. 10-3, Ex. A to Moore Decl..) The Court finds that these billable entries generally describe clerical tasks and should not be reimbursed at a paralegal rate. The Court will deduct .20 hours from Mr. Medrano's time.

    Based on the above, the Court will recommend Plaintiff be awarded 3.4 hours of paralegal time comprised of 2.4 hours for Ms. Law ($115.00 hourly rate) and 1.0 hours for Mr. Medrano ($115.00 hourly rate) for a total of $391.00.

### 4. Litigation Expenses and Costs

    Plaintiff requests to recover litigation expenses and costs of $787.18. (Doc. 10-1 at 8; Doc. 10-3, Exs. B, C. and D to Moore Decl..) Under the ADA, a district court, in its discretion, can allow the prevailing party other than the United States to recover a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. The costs here include the court filing fee, costs of service, and fees for a pre-filing investigation, which are compensable. *See Trujillo v. La Valley Foods, Inc.*, 2017 WL 2992453, at *7 (finding costs for court filing fee, costs of service, and fee for a pre-filing site inspection of the facility compensable). Accordingly, the Court recommends that plaintiff be awarded the sum of $787.18 for litigation expenses and costs.

### V. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

1. Plaintiff's motion for default judgment be GRANTED IN PART;

2. Defendants be found and declared to be in violation of Title III of the Americans with Disabilities Act and the California Unruh Civil Rights Act;

3. Defendants be ordered to make the following modifications to the facility known as McHenry Circle K, located at 3459 McHenry Avenue in Modesto, California, such that each

item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24, as follows:

    a)    Provide a properly configured and identified accessible parking stall; and

    b)    Provide and maintain proper clear width of the merchandise aisles.

4.    Judgment be entered in Plaintiff's favor and against Defendants in the amount of $6,888.18, consisting of:

    a.    Plaintiff be awarded statutory damages under the Unruh Act in the amount of $4,000.00;

    b.    Plaintiff be awarded attorney's fees and costs in the amount of $2,888.18 (attorney's fees in the amount of $1,710.00 (5.7 hours at $300 per hour), paralegal fees in the amount of $391.00 (3.4 hours at $115.00 per hour), and costs of suit in the amount of 787.18);

5.    Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to each of the defendants at that defendant's last known address.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **March 24, 2022**          /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE